**Miguel ALDANA, Plaintiff,**

v.

**CITY OF EL PASO, Civil Service Commission of El Paso, Oneta Marsh, Moises Beltran, Cathy Bell, Arves Jones, Louie Pellicano, Maxine Silva, Luis G. Sosa, Jim Francis, Samuel Navarro, Secretary, Ross Hickock, Roy Davis, and Bud Duncan, Defendants.**

No. EP–83–CA–98.

United States District Court,
W.D. Texas,
El Paso Division.

Dec. 31, 1984.

Jose A. Medina, Houston, Tex., Garcia & Garcia, El Paso, Tex., for plaintiff.

Eduardo Miranda, Rodolfo Hernandez, Asst. City Attys., El Paso, Tex., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

HUDSPETH, District Judge.

This is a suit for damages and injunctive and declaratory relief pursuant to 42 U.S.C. § 1983. Plaintiff Miguel Aldana was employed by the City of El Paso as a truck driver in the Street Department for several years prior to the termination of his employment in 1982. He brought this action against the City, its Civil Service Commission, individual members of the Commission, and his supervisors in the Street Department, contending that he had been deprived of his property interest in continued employment without due process of law. Plaintiff demanded a jury trial with respect to his action for damages. On November 1, 1984, the jury found, in response to special interrogatories, that the Civil Service Commission was not a tribunal possessing impartiality toward the charges against the Plaintiff (Interrogatory No. 1); that certain Defendants acted to deprive Plaintiff of his employment by causing his termination without due process of law, but that other Defendants did not (Interrogatory No. 2); that certain Defendants acted in good faith, while others did not (Interrogatory No. 3); that certain Defendants acted maliciously, wantonly, or oppressively, while others did not (Interrogatory No. 5), and that the Plaintiff was entitled to recover actual damages of $300,000.00 (Interrogatory No. 4), and exemplary damages of $5,000.00 against Roy Davis, $10,000.00 against Ross Hickok, and $5,000.00 against Maxine Silva. The Defendants have moved for a judgment non obstante veredicto or, in the alternative, for a new trial.

The record in this case reflects that, beginning December 31, 1979, the Plaintiff received a series of less than satisfactory performance evaluations from his supervisors, which included Defendant Hickok, head of the Street Department, and Defendant Davis, the Plaintiff's foreman. Plaintiff saw fit to appeal two of these performance evaluations to the Civil Service Commission, a seven-member body

which is basically the City's highest authority with regard to personnel matters. Both of Plaintiff's appeals were referred to subcommittees of the Civil Service Commission for investigation. After the second such investigation, in April 1982, Defendant Louie Pellicano, a member of the Commission's subcommittee, decided to recommend to the full Commission that the Plaintiff either be transferred to another department or that his employment be terminated (Plaintiff's Exhibit 48, pages 24–25). At a meeting of the full Commission on May 13, 1982, a recommendation was made to the department head that Plaintiff's employment be terminated (Plaintiff's Exhibit 50, pages 6–7). The Plaintiff's employment was terminated, and he was furnished with written notice of the reasons for termination (Plaintiff's Exhibit 51). Plaintiff appealed the termination of his employment to the Civil Service Commission, which held a hearing on August 3, 1982. After hearing the evidence, the Civil Service Commission voted unanimously to uphold the termination.

 In support of their motion for judgment notwithstanding the verdict or for a new trial, the Defendants argue that the jury's answers to Interrogatories Numbered 1, 2, and 3 are inconsistent. In Interrogatory No. 1, the jury found that the Civil Service Commission of the City of El Paso was not an impartial tribunal with respect to the issue of the termination of Plaintiff's employment. In Interrogatory No. 2, however, the jury found that only one Civil Service Commissioner, Defendant Maxine Silva, acted to deprive the Plaintiff of his employment without due process of law, and in Interrogatory No. 3 only Commissioner Silva was found not to have acted in good faith. Since the Civil Service Commission is a seven-member body, and can take action only through a majority vote, the Court must agree with the Defendants that the jury's answer to Interrogatory No. 1 is inconsistent with its answers to Interrogatories Numbered 2 and 3. When faced with apparently conflicting answers, this Court has the duty to reconcile the answers if at all possible and thus

validate the jury verdict. *Guidry v. Kem Manufacturing Co.,* 598 F.2d 402, 406 (5th Cir.1979), *cert. denied* 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980). It is only when answers cannot be reconciled after a concerted effort that a new trial should be granted. *Guidry v. Kem Manufacturing Co., supra.*

 In this case, the jury's finding that the Civil Service Commission was not an impartial tribunal fails to find support in the evidence, and it should be disregarded. As the Supreme Court stated in *Hortonville Joint School District No. 1 v. Hortonville Education Association,* 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976) at page 493, 96 S.Ct. at 2314:

> "Mere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not however, disqualify a decisionmaker.... Nor is a decisionmaker disqualified simply because he has taken a position, even in public, on a policy issue related to the dispute, in the absence of a showing that he is not 'capable of judging a particular controversy fairly on the basis of its own circumstances.'"

In the instant case, the evidence fails to show that any member of the Civil Service Commission had a personal or financial stake in the decision that might create a conflict of interest, or that the Commission members bore any personal animosity toward the Plaintiff. He was afforded a full and fair hearing with regard to his termination which more than complied with the minimum constitutional requirement of due process. The conclusion that the jury's answer to Interrogatory No. 1 should be disregarded is bolstered by the answers to Interrogatories Numbered 2 and 3, which answers are obviously inconsistent with the answer to Interrogatory No. 1. Since Mrs. Silva alone, without the support of her fellow Civil Service Commissioners, could not have caused the termination of Plaintiff's employment, she is entitled to judgment in her favor.

■ Apart from Mrs. Silva, Defendants Hickock and Davis were found by the jury in its answer to Interrogatory No. 2 to have caused the termination of Plaintiff's employment without due process of law. This finding is contrary to the evidence. The record makes it clear that Defendant Hickock, the department head, acted to terminate the Plaintiff's employment only after the Civil Service Commission recommended termination on May 13, 1982. Furthermore, as previously noted, Plaintiff was afforded a hearing with respect to his termination that fully complied with the requirements of due process. Therefore, no action by Hickock or Davis deprived the Plaintiff of a property interest without due process of law. Defendants Hickock and Davis are therefore entitled to judgments in their favor.

It is therefore ORDERED that the Defendants' motion for judgment notwithstanding the verdict in the above-styled and numbered cause be, and it is hereby, GRANTED.

It is further ORDERED that judgment be entered in favor of the Defendants, and that the Plaintiff take nothing by his suit.